UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NIKOLAY N. MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00694-MPB-MKK |
| | ) | |
| WARDEN Clay County Justice Center, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Nikolay Miller's petition for a writ of habeas corpus seeks his release from the Clay County Jail, where he is detained on behalf of federal immigration authorities. Mr. Miller's petition is dismissed without prejudice for failure to exhaust administrative remedies.

**I. Facts**

Mr. Miller is a Russian native and citizen. Dkt. 8-1 at 9. He entered the United States in 2015 on a tourist visa valid for six months. *Id.* at 2. He did not depart the United States when his visa expired.

On September 25, 2026, U.S. Immigration and Customs Enforcement (ICE) officers apprehended Mr. Miller while he was waiting to board a domestic flight in Chicago. *Id.* He is now the subject of a removal proceeding. *Id.* at 4.

Mr. Miller is currently detained at the Clay County Jail. He has received two bond hearings before an immigration judge. *Id.* at 5–8. Both times, the immigration judge denied bond, finding that Mr. Miller was a flight risk. *Id.* Mr. Miller has appealed the denial of bond to the Board of Immigration Appeals (BIA). Dkt. 5.

## II. Analysis

The parties agree that Mr. Miller's detention is authorized by 8 U.S.C. § 1226(a) and that he is eligible for discretionary release on bond. Mr. Miller argues that he is detained in violation of the Constitution because the procedures employed by the immigration judge do not satisfy the Fifth Amendment's guarantee of due process. The respondents correctly argue in response that Mr. Miller's due process arguments should be dismissed for failure to exhaust administrative remedies.

The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). Exhaustion is no mere formality.

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). This general rule often applies in immigration matters because "a comprehensive administrative review scheme exists," and, in some cases, exhaustion is mandated by statute. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (citing 8 U.S.C. § 1252(d) and collecting cases).

There is no statutory requirement for Mr. Miller to exhaust remedies in the immigration court before he can seek habeas relief from this Court. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez*, 355 F.3d at 1016.

In exercising its discretion not to enforce the "general rule" of exhaustion, the Seventh Circuit has prescribed consideration of the following individual interests, which are well-recognized in Supreme Court precedent:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir*, 301 F.3d at 498); *accord McCarthy*, 503 U.S. at 146–49 ("This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion."). A party seeking to be excused from exhaustion "need only show that one of the four exceptions outlined above applies." *Iddir*, 301 F.3d at 498.

Mr. Miller has not exhausted the relief available to him through the administrative process. Although he has initiated an appeal, the BIA has not ruled. Of the four *Gonzalez* interests excusing exhaustion, Mr. Miller invokes only the fourth, asserting only that his petition raises constitutional challenges. Dkt. 10 at 5–6.

To be sure, Mr. Miller identifies *non*-constitutional reasons why he should be released from custody. He offers extensive reasons why an immigration judge would have been justified in granting bond. Dkt. 10 at 3–4. In other words, there are—in his view—ample grounds on which the BIA should grant the relief he seeks from this Court.

Additionally, Mr. Miller identifies only one specific constitutional challenge: that the Fifth Amendment entitles him to a bond hearing at which the government bears the burden of proving that detention is necessary by clear and convincing evidence. Dkt. 10 at 8–10. However, the Seventh Circuit has not issued a decision on the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered

in unison.[1] Further, the Seventh Circuit has cautioned district courts against resolving constitutional questions when a case or controversy can be resolved on other grounds. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional."). Therefore, to the extent Mr. Miller raises a viable constitutional challenge in his habeas petition, it does justify bypassing the administrative process given that the constitutional question is unsettled and that he raises nonconstitutional challenges squarely within the BIA's area of expertise.

## III. Conclusion

This case is **dismissed without prejudice** for **failure to exhaust** administrative remedies. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Dated: November 13, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

---

[1] *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of proof."), *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times.").

Distribution:

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Anastasiya Sack
The Law Offices Of Anastasiya Sack, PLLC
asack@yahoo.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov